DECISION
Plaintiff appeals concerning certain interest and fees imposed for the 2004-05 tax year; those fees total $1,929. The subject property is identified as Account 10142095.
A case management conference was held January 27, 2009. Subsequently, the parties submitted written arguments. The record closed April 6, 2009.
 I. STATEMENT OF FACTS
Plaintiff purchased two tax lots in 2004. One of them is the subject real property; the other is Account 10142087. Two tax statements for the 2004-05 tax year were mailed to Plaintiffs address of record. The representative recalls only receiving one tax statement. As a result, only a single statement was paid for that year. Later, Plaintiffs representative moved to a new address and submitted an official address change request to Defendant. Nothing was done to change the billing address on the subject account. Defendant has no record of the second statements ever being returned.
Taxes were not timely paid in later years. Plaintiffs representative stated that she believed the annual single bill they received included all of the land. After the 2004-05 tax year became *Page 2 
delinquent, Defendant began official foreclosure proceedings. Certain administrative fees were imposed. Upon review, Defendant later reduced the assessed value of the lot for tax years 2005-06 through 2007-08 and refunded interest charges. The difference remaining is the $1929 at issue in this appeal. Plaintiff requests that sum be waived in its entirety.
 II. ANALYSIS
The tax collector is statutorily required to mail property tax statements each year on or before October 25 to all owners of real or personal property in the county. ORS 311.250(1)[1] provides, in relevant part:
 "Except as to real property assessed to `unknown owners' pursuant to ORS 308.240 (2), on or before October 25 in each year, the tax collector shall deliver or mail to each person (as defined in ORS 311.605) shown on the tax roll as an owner of real or personal property * * * a written statement of property taxes payable on the following November 15."
That statute requires the tax collector to mail the statements to the address "shown on the tax roll," which is often referred to as the address of record. The statement, in this case, was mailed to the correct address for the owner of the property. For reasons unknown to the court, the second statement was never received.
Plaintiff insists that the tax collector should have been aware of the change in address for both accounts, not just one. Plaintiff believes that the collector should have changed its records and mailed Plaintiff's annual tax statements to the new address. *Page 3 
Property owners are required by ORS 311.555[2] to keep the tax collector informed of their "true and correct address" and, under ORS308.212, [3] to notify the assessor of any change of address within 30 days of the date of the change. The tax collector then has an obligation to "note upon the tax roll * * * the true and correct address of each person, firm or corporation owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector." ORS 311.560.
In this case, Defendant was notified of Plaintiff's acquisition of the property (i.e., the change of address) by Plaintiff or his agents, and Defendant updated its records to reflect that change for only one account. However, due to Plaintiff's erroneous assumption that one tax bill covered both tax lots, a later address change was not submitted. Defendant was not notified of any change on the second parcel.
As between the taxpayer and the county, the taxpayer has the ultimate responsibility to see that the taxes are paid on time. ORS 311.250(2) provides that "[t]he failure of a taxpayer to receive the statement described in this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax." *Page 4 
The tax collector was required to charge interest on Plaintiff's late payment pursuant to ORS 311.505(2), which provides in relevant part:
 "Interest shall be charged and collected on any taxes on property * * * or installment thereof not paid when due, at the rate of one and one-third percent per month, or fraction of a month until paid."
Plaintiff has not established a basis for the court to abate, cancel, or otherwise nullify the charges imposed in this case. It was Plaintiff's responsibility to see that the taxes were paid, regardless of whether it received a property tax statement.
 III. CONCLUSION
Plaintiff's request for reimbursement of the charges imposed, due to the untimely payment of property taxes for the 2004-05 tax year, on certain real property identified as Account 10142095, is denied. The charges were lawfully imposed by Defendant under ORS 311.505(2), and, on the facts of this case, there is no legal authority for granting the requested relief. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this _____ day of July 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on July 16,2009. The Court filed and entered this document on July 16, 2009.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] ORS 311.55 provides, in relevant part:
 "Each person, firm or corporation owning real or personal property within the state * * * shall keep the tax collector of the county where such real or personal property is situate informed of the true and correct address of the person, firm or corporation."
[3] ORS 308.212 provides, in relevant part: ORS 308.212 provides, in relevant part:
 "(1) Any person who owns real property located in any county shall notify the county assessor for the county where the property is located of that owner's current address and, within 30 days of the change, shall notify the assessor of any change of address.
 "* * * * *
 "(3) The county assessor of each county shall maintain records showing the information required to be submitted to the assessor under this section. The assessor shall note any property owner's change of address on the tax rolls." *Page 1